

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2006

# USA v. Burton

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1912

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Burton" (2006). *2006 Decisions.* Paper 90.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/90

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-1912

UNITED STATES OF AMERICA

v.

JERMAINE BURTON
a/k/a
KEITH DIAMOND
a/k/a
MICHAEL DIAMOND

Jermaine Burton,

Appellant

On Appeal from the United States District Court
for District of New Jersey
District Court No. 04-CR-182
District Judge: The Honorable William H. Walls

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 13, 2006

Before: SMITH and ROTH, *Circuit Judges,*
and YOHN, *District Judge*[*]

(Filed: December 15, 2006)

---

[*]The Honorable William H. Yohn, Jr., Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION

SMITH, *Circuit Judge*.

On October 21, 2004, a jury found Jermaine Burton guilty of conspiring to defraud the United States in violation of 18 U.S.C. § 371. United States District Judge William Walls sentenced Burton after the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005), to 60 months' imprisonment and three years of supervised release. This timely appeal followed.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

Burton contends that his sentence should be vacated and that this matter should be remanded for resentencing because the District Court failed to follow the proper procedures at resentencing. He asserts that the Court did not make a determination as to the appropriate guideline range. In addition, Burton contends that in imposing sentence the District Court failed to consider the various factors set out in 18 U.S.C. § 3553(a). In Burton's view, the Court "simply" sentenced him to the maximum period of sixty months.

In *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), we instructed that post-*Booker* "district courts must follow a three step sentencing process." *Id.* at 247. The first step requires calculating the applicable guideline range. Second, the district court must formally rule on any motions of the parties and requests for departure. In the final step,

the district court must "exercise [its] discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines." *Id.* (quoting *Cooper*, 437 F.3d at 329) (internal quotation marks and ellipses omitted). Here, Burton takes issue with steps two and three.

We find no error by the District Court at step two in the sentencing process which would warrant vacating his sentence and remanding for resentencing. The District Court did not, as Burton points out, finish its computation of the guideline range as it failed to rule on the government's request for enhancements on the basis of Burton's role in the offense and an obstruction of justice. It explained, however, that Burton's guideline range, even without these enhancements, already exceeded the statutory maximum of sixty months. Because Burton could not be sentenced to more than sixty months, the District Court did not commit reversible error by abbreviating the process and correctly declaring that the guideline range was sixty months, consistent with the statutory maximum.

Nor do we find any merit to Burton's assertion that the District Court erred at step three in the sentencing process by sentencing Burton to the maximum of sixty months. The Court specifically noted Burton's age, his above average intelligence, and his ability to pull off the fraudulent scheme that resulted in a loss, as found by the jury, of $1.8 million. The Court further noted Burton's criminal history, as well as his ability to con people. Based on reasoned consideration of these factors, the District Court declared that this offense deserved jail time. In fact, the Court found that this offense was egregious

3

and it expressed its hope that the punishment would make Burton realize, consistent with his remarks during his allocution, that he had erred and neglected his family. The District Court's comments clearly demonstrate consideration of the need to protect the public, to impose adequate deterrence, and to reflect the seriousness of the crime. Because the District Court gave "meaningful consideration to the § 3553(a) factors" as required by *Cooper*, 437 F.3d at 329, we will affirm the judgment of the District Court.